**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 22, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30107
Summary Calendar
_____

ROBERT MARIE; REBECCA MARIE,
and on behalf of April Marie,

Plaintiffs-Appellants,

versus

GAYLORD PAPER MANUFACTURER, and their attorney;
GAYLORD CHEMICAL CORPORATION, and their attorney;
GAYLORD CONTAINER CORPORATION, and their attorney;
VICKSBURG CHEMICAL CORPORATION, and their attorney;
CEDAR CHEMICAL CORPORATION, and their attorney;
UNION TANK CAR CO., and their attorney; DAVID A.
BARFIELD, attorney for Union Tank Car Company;
BARFIELD & ASSOCIATES, P.A., attorneys for
Union Tank Car Company; ILLINOIS CENTRAL RAILROAD,
and their attorney; KANSAS CITY SOUTHERN RAILWAY,
and their attorney; STUART SMITH; GEORGE FLEMING;
WILLIAM ARATA; WALTER P. REED; JAMES E. GRAVES, JR.,
Mississippi Supreme Court Justice; DAVID BARIA;
RICHARD STRINGER; HAL J. KITTRELL, Assistant
District Attorney; MICHAEL R. EUBANKS,
Circuit Court Judge; CHARLES W. PICKERING, SR.;
ROBERT BURNS; UNIDENTIFIED PARTIES; VICKI R. LEGGETT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-3011-J
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The appellants challenge the dismissal without prejudice of their complaint, naming as defendants various chemical companies, railroad companies, private attorneys, public officials, and state and federal judges, for failure to comply with FED. R. CIV. P. 8(a).  The appellants' arguments are difficult to decipher but appear to be merely a continuation of the disjointed allegations of the plaintiffs' complaint.  The district court was correct in concluding that the complaint does not comply with Rule 8(a)(2) in that it fails to provide sufficient notice of the circumstances giving rise to their claims or to set forth sufficient information to outline the elements of their claims. See FED. R. CIV. P. 8(a)(2).  Because it is impossible to discern from the complaint the exact basis of the appellants' claims or the legal theories on which they seek redress against any or all of the named defendants, the district court's dismissal is AFFIRMED.  See General Star Indem. Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir. 1999); Conley v. Gibson, 355 U.S. 41, 47 (1957).  Because the district court's dismissal was without prejudice, the appellants remain free to file another complaint in compliance with FED. R. CIV. P. 8.

The appellants' motion for leave to supplement their record excerpts is DENIED.  Gaylord Chemical Corporation and Gaylord Container Corporation move to dismiss Gaylord Paper Manufacturer and its attorneys as a named defendant, and the appellants oppose

the motion in their own motion to add a "DMSO" Defendant.  These motions are similarly DENIED.

AFFIRMED; MOTIONS DENIED.